UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 28, 2006[*]
Decided March 30, 2006

Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| No. 05-2770 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| ANTHONY WARNER, *Defendant-Appellant.* | No. 04 CR 316 Matthew F. Kennelly, *Judge.* |

## Order

Anthony Warner pleaded guilty to bank robbery, 18 U.S.C. §2113(a), and was sentenced to 151 months' imprisonment after the district judge concluded that he is a career offender. U.S.S.G. §4B1.1. Warner's appellate counsel seeks to withdraw because he cannot identify a non-frivolous issue. He has filed a brief that conforms to *Anders v. California*, 386 U.S. 738 (1967). Notified of this, see Circuit Rule 51(b), Warner has filed a response and seeks to proceed *pro se*. Although there is no constitutional right to self-representation on appeal, see *Martinez v. Court of Appeal*, 528 U.S. 152 (2000), every litigant in federal court has a statutory entitlement to dispense with counsel, see 28 U.S.C. §1654, so this request is granted and counsel is discharged. But Warner is mistaken if he believes that this step ensures that the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

appeal will proceed to briefing. The question remains whether the appeal is frivolous; if it is, it may be dismissed summarily.

Warner wants to present two contentions. The first is that the district court could not sentence him as a career offender without giving notice prior to his guilty plea. This contention confuses 21 U.S.C. §851, which requires pre-plea notice for certain drug offenses via an information filed by the United States Attorney, with U.S.S.G. §4B1.1, which does not require notice. The reason for the difference is that an information under §851 raises the statutory maximum penalty and may impose a mandatory minimum penalty as well. Defendants need to know the potential sentencing range before pleading guilty. Treatment as a career offender, by contrast, does not affect the statutory punishment range. Neither the Guidelines nor any statute requires a pre-plea notice about the effect of prior convictions on the calculation of a Guideline sentencing range. *Burns v. United States*, 501 U.S. 129 (1991), requires notice before the date of sentencing (not the date of plea) if the judge proposes to depart upward from the Guidelines range. Application of §4B1.1 is not a departure, and at all events the presentence report gave timely notice.

Warner's second theme is that the district judge violated the sixth amendment by calculating the sentence based on facts that had not been found by a jury. There are two problems with this line of argument. First, by pleading guilty Warner waived any entitlement to have factual contests resolved by a jury. Second, the Supreme Court held in *United States v. Booker*, 543 U.S. 220, 246–67 (2005), that district judges may resolve factual disputes material to sentencing as long as they treat the Guidelines as advisory rather than conclusive. Warner was sentenced after *Booker*, and the district judge followed that decision's approach.

Despite Warner's discharge of his appellate lawyer, we have consulted counsel's submission to consider whether there are any other potential appellate issues that might be non-frivolous. We agree with counsel that none is available. The district judge rightly classified Warner as a career offender, and the resulting sentence is reasonable. Accordingly, the appeal is dismissed as frivolous.